UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NOLA VENTURES, LLC, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1026** |
| **UPSHAW INSURANCE AGENCY, INC., et al.** | **SECTION: "G"(2)** |

## ORDER

Before the Court is Defendants Upshaw Insurance Agency's ("Upshaw") and Robert Bentley's ("Bentley") (collectively, "Defendants") "Motion for Reconsideration, Clarification, and/or Amendment in Part of the Court's Order of 9/18/14 (R. Doc. 229) Based on Supplemental Record Evidence."[1] Having considered the motion, the memoranda, the Court's September 18, 2014 Order, and the applicable law, the Court will deny the motion.

## I. Background

This litigation involves an insurance dispute arising out of a May 2011 tornado in Joplin, Missouri that destroyed two Arby's restaurants owned and/or operated by Nola Ventures LLC, Nola Restaurant Group LLC, and Critical Mass Holdings LLC (collectively, "Plaintiffs"). Plaintiffs allege that Defendants negligently misrepresented the type of coverage provided by the insurance policy that Upshaw procured for them.

On September 9, 2013, Defendants filed a "Motion for Summary Judgment on the Issue of Liability."[2] Plaintiffs filed a memorandum in opposition on September 24, 2013.[3] On September 25,

---

[1] Rec. Doc. 237.

[2] Rec. Doc. 71.

[3] Rec. Doc. 98.

1

2013, Defendants submitted a reply memorandum in support of their motion.[4] Defendant Upshaw submitted a supplemental memorandum in support of the motion on March 11, 2014.[5] On March 21, 2014, Plaintiffs submitted a sur-reply memorandum in opposition.[6] At no point did the Court deny either party leave to file a supplemental memorandum or sur-reply.

On September 18, 2014, the Court denied Defendants' Motion for Summary Judgment.[7] Defendants filed the pending "Motion for Reconsideration, Clarification, and/or Amendment in Part of the Court's Order of 9/18/14 (R. Doc. 229) Based on Supplemental Record Evidence" on October 13, 2014.[8] Plaintiffs filed a memorandum in opposition on October 21, 2014.[9]

## II. Parties' Arguments

In their Motion for Reconsideration, Defendants contend that Plaintiffs originally argued that "Upshaw undertook and breached a duty to advise clients on the correct amount and type of insurance," which, according to Defendants, creates a duty that was expressly rejected by the Louisiana Supreme Court in *Isodore Newman Sch. v. J. Everett Eaves, Inc.*[10] Defendants aver that Plaintiffs then changed their claim in their sur-rebuttal, wherein "the plaintiffs contend that defendants subjected themselves to a heightened duty."[11] Defendants argue that Upshaw did not have

---

[4] Rec. Doc. 115.

[5] Rec. Doc. 221.

[6] Rec. Doc. 228.

[7] Rec. Doc. 229.

[8] Rec. Doc. 237.

[9] Rec. Doc. 250.

[10] Rec. Doc. 237-2 at p. 2 (citing *Isidore Newman Sch. v. J. Everett Eaves, Inc.*, 2009-2161 (La. 7/6/10), 42 So. 3d 352) (emphasis omitted)).

[11] *Id.* at p. 3.

2

"specialized knowledge" of the fast food industry, which, they claim, is necessary for there to be a "special relationship" between the parties.[12] Defendants submit that Plaintiffs were Upshaw's only fast food restaurant customers – in addition to the prior owners of the same fast food chain – and that Upshaw is not an expert in the fast food industry.[13]

Next, Defendants argue that there are no disputed facts with respect to Plaintiffs' negligent misrepresentation claim because Plaintiffs have failed to submit affirmative evidence that Bentley used the words "blanket" or "pool" in describing the insurance proposal, or that those words appear in the written proposal.[14] Defendants also aver that Scott Bastion knew each restaurant was insured for a certain value and understood what "TIV" meant, and therefore Plaintiffs cannot succeed on a claim of misrepresentation as a matter of law.[15] According to Defendants, "[t]here can be no possible claim for negligent misrepresentation of 'blanket' coverage, when the written proposal showed the TIV value for each restaurant."[16] Additionally, Defendants aver that Plaintiffs "cannot claim that they did [sic] understand what 'TIV' meant or that it was not 'discussed' when they had accepted three prior written proposals all of which contained that very term."[17] Finally, Defendants argue that Bentley's knowledge of the policy does not create an issue of fact.[18]

In opposition, Plaintiffs argue that "all of the evidence [Defendants] cite was available to

---

[12] *Id.* at p. 8.

[13] *Id.*

[14] *Id.* at p. 19.

[15] *Id.* at p. 19.

[16] *Id.* at p. 20.

[17] *Id.* at pp. 19–20.

[18] *Id.* at p. 22.

3

them well in advance of the entry of this Court's Order and of the filing of their motion."[19] Plaintiffs aver that some of the evidence that Defendants cite as "newly submitted" was already in the record; namely, the depositions of Robert Bentley and P. Albert Bienvenu, IV.[20] With respect to Defendants' reading of *Newman*, Plaintiffs aver that they "never argued that an affirmative duty to advise as to the correct type and amount of insurance existed."[21] Rather, Plaintiffs contend that their Petition[22] and memorandum in opposition to Defendants' Motion for Summary Judgment on Liability[23] clearly asserted a heightened duty claim.[24] Plaintiffs argue that whether Defendants specialized in the fast food industry is not determinative of whether a special relationship existed because in *Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co.*, the Fifth Circuit considered "experience in a particular field" as one of several characteristics of a special relationship.[25]

With respect to Defendants' negligent misrepresentation argument, Plaintiffs aver that they "believed they were ordering an entirely different type of policy, so previous policies and proposals would not have revealed any additional information about the 2011 Lexington policy because it was represented as a different type."[26] Plaintiffs additionally point to Scott Bastion's deposition, wherein

---

[19] Rec. Doc. 250 at p. 2.

[20] *Id.* at p. 3.

[21] *Id.* at p. 8.

[22] Rec. Doc. 1-1.

[23] Rec. Doc. 98.

[24] Rec. Doc. 250 at pp. 5–6.

[25] *Id.* at pp. 17–18 (citing *Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 230 (5th Cir. 1990)).

[26] *Id.* at pp. 21-22.

4

he testified that he understood "[t]hat I had a $10 million limit with an umbrella policy."[27] According to Plaintiffs, "[Defendants'] theory that Mr. Bastion had an accurate understanding of the term TIV is therefore discredited by Mr. Bastion's testimony and his affidavit that show he only understood the term in part and did not understand its function as the limits recoverable for each location."[28] Finally, Plaintiffs argue that they "ordered a different policy from previous years and Bentley represented that the 2011 Lexington policy was different but nonetheless procured a policy similar to those of previous years."[29]

### III. Law and Analysis

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[30] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[31] Such a motion "calls into question the correctness of a judgment,"[32] and courts have considerable discretion in deciding whether to grant such a motion.[33] In exercising this discretion, courts must carefully balance the interests of justice with the need for finality.[34] Courts in the Eastern District of

---

[27] *Id.* at p. 22.

[28] *Id.*

[29] *Id.* at p. 23.

[30] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[31] *Id.* (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3-4 (E.D. La. Apr. 5, 2010) (Vance, C.J.) (Rule 54).

[32] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002).

[33] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[34] *Id.* at 355-56.

Louisiana have generally considered four factors in deciding motions for reconsideration, which are typically decided under the Rule 59(e) standard:

> (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
>
> (2) the movant presents newly discovered or previously unavailable evidence;
>
> (3) the motion is necessary in order to prevent manifest injustice; or
>
> (4) the motion is justified by an intervening change in controlling law.[35]

A motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments. . . .'"[36] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[37] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[38] Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly"[39] and the motion must "clearly establish" that reconsideration is warranted.[40] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[41]

---

[35] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

[36] *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

[37] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

[38] *Helena Labs.*, 483 F. Supp. 2d at 539 (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[39] *Templet*, 367 F.3d at 478-79 (citation omitted).

[40] *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[41] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F.Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 BR 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented). *See also FDIC v. Cage*, 810 F.Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the

An "unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration."[42] In *Reeves v. Wells Fargo Home Mortg.*, the Fifth Circuit found that a district court did not abuse its discretion in not treating as newly discovered a copy of an unendorsed Deed of Trust and a Promissory Note because the plaintiff alleged that she received it before litigation began.[43] Similarly, in *Templet v. HydroChem, Inc.*, the Fifth Circuit held that the district court's decision to deny reconsideration was not manifestly unjust in law or fact, nor did it ignore newly discovered evidence, where "the underlying facts were well within the [Plaintiffs'] knowledge prior to the district court's entry of judgment. However, the [Plaintiffs] failed to include these materials in any form of opposition or response to the Defendants' motion for summary judgment."[44]

Here, Defendants urge the Court to reconsider its September 18, 2014 Order because, in part, "[t]he plaintiffs did not ultimately frame their claim as one for a 'heightened duty' resulting from a 'special relationship' until their sur-rebuttal brief, which was filed long after defendants had completed their briefing and already submitted all record evidence."[45] However, Plaintiff's sur-reply was filed on March 21, 2014,[46] a mere ten days after Defendant Upshaw filed its supplemental memorandum in support of the motion for summary judgment.[47] At no point did the Court deny

---

motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[42] *Reeves v. Wells Fargo Home Mortgage*, 544 F. App'x 564, 570 (5th Cir. 2013) *cert. denied*, 134 S. Ct. 2668, (U.S. 2014) (citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).

[43] *Id.*

[44] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[45] Rec. Doc. 237-2 at p. 2.

[46] Rec. Doc. 228.

[47] Rec. Doc. 221.

7

either party leave to file a supplemental memorandum or sur-reply. Defendants do not explain why, if they felt that Plaintiffs' sur-reply raised new or different claims, they did not timely file additional briefings addressing these allegedly new arguments. Considering that Defendants first raise the argument that they were not on notice of Plaintiff's "heightened duty" claim more than six months after Plaintiff's sur-reply, the Court finds Defendants' argument unpersuasive. Furthermore, the Court clearly stated in its September 18, 2014 Order that "Defendants' independent or spontaneous duty to advise is not at issue in this motion. However, what is at issue is whether Bentley owed Plaintiffs a heightened duty of reasonable diligence."[48] The Court finds, therefore, that Defendants' rehashing of *Newman* does not warrant reconsideration of its September 18, 2014 Order.

The Court also finds Defendants' argument that no material fact exists with respect to negligent misrepresentation unpersuasive. Although Scott Bastion, signatory of the insurance policy, testified that he understood "what a TIV value was," his testimony also indicates that he believed "[t]hat I had a $10 million limit with an umbrella policy," apparently due to Bentley's alleged representations about the policy.[49]

Defendants provide nothing to demonstrate that there have been any alleged errors that rise to the level of manifest error required for a motion to reconsider; Defendants make no persuasive arguments regarding newly discovery or previously unavailable evidence; Defendants make no argument that manifest injustice will result if the Court does not reconsider its prior ruling; and Defendants make no argument that there has been an intervening change in controlling law. Instead, Defendants only expound upon arguments presented in its original motion, or present arguments

---

[48] Rec. Doc. 229 at pp. 17–18.

[49] *See* Rec. Doc. 237-2 at p. 21 (citing Bastion deposition at p. 92); Rec. Doc. 250 at p. 22 (citing Bastion deposition at p. 98-99).

which Defendants had ample time to brief prior to the Court's September 18, 2014 Order.

Reconsideration is an "extraordinary remedy" that must be used sparingly and with full consideration of the importance of finality of judgments.  Here, Defendants have presented no independent reason to justify reconsideration, and simply allowing a party to reassert the same or dilatory arguments does nothing but waste judicial time and resources while calling into question the finality of judgments. Mere disagreement with a prior ruling, as asserted here, does not support a motion for reconsideration, and the Court, therefore, finds reconsideration unwarranted here.

### IV.  Conclusion

For the reasons set forth above, as well as the reasons given in the original Order denying summary judgment,[50]

**IT IS HEREBY ORDERED** that Defendants' "Motion for Reconsideration, Clarification, and/or Amendment in Part of the Court's Order of 9/18/14 (R. Doc. 229) Based on Supplemental Record Evidence"[51] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this  22nd   day of October, 2014.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[50] Rec. Doc. 229.

[51] Rec. Doc. 237.