UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NOLA VENTURES, LLC, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1026** |
| **UPSHAW INSURANCE AGENCY, INC., et al.** | **SECTION: "G"(2)** |

### ORDER

Before the Court is Plaintiffs' "Motion for Reconsideration, Amendment and/or Alteration In Part of the Court's Order of 11/07/2014 (Rec. Doc. 281) Excluding Entirely the Testimony of Plaintiffs' Insurance Expert, Michael Manes And Incorporated Motion for Expedited Hearing."[1] Having considered the motion, the memorandum in support, the expert report, and the applicable law, the Court will grant the motion.

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[2] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[3] Such a motion "calls into question the correctness of a judgment,"[4] and courts have considerable discretion in deciding whether to grant such a motion.[5] In exercising this discretion, courts must carefully

---

[1] Rec. Doc. 285.

[2] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[3] *Id.* (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3-4 (E.D. La. Apr. 5, 2010) (Vance, C.J.) (Rule 54).

[4] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002).

[5] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

1

balance the interests of justice with the need for finality.[6] Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration, which are typically decided under the Rule 59(e) standard:

(1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

(2) the movant presents newly discovered or previously unavailable evidence;

(3) the motion is necessary in order to prevent manifest injustice; or

(4) the motion is justified by an intervening change in controlling law.[7]

A motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments. . . .'"[8] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[9] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[10] Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly"[11] and the motion must "clearly establish" that reconsideration is warranted.[12] When there exists no independent reason for reconsideration other than mere disagreement with a prior order,

---

[6] *Id.* at 355-56.

[7] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

[8] *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

[9] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

[10] *Helena Labs.*, 483 F. Supp. 2d at 539 (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[11] *Templet*, 367 F.3d at 478-79 (citation omitted).

[12] *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

reconsideration is a waste of judicial time and resources and should not be granted.[13]

Here, Plaintiffs contend that Michael Manes should be allowed to testify with respect to whether the insurance offered by Lexington in the Quotation of Insurance was properly presented to Plaintiffs, the differences between the Lexington quotation and the Upshaw insurance proposal, and whether these differences spoke to blanket rather than scheduled coverage.[14] Additionally, Plaintiffs aver that Manes should be permitted to testify as to whether "boil[ing] down a seven page insurance quotation into a one page summary proposal" is an acceptable practice in the insurance industry; what terms, exclusions, and limitations of the quotation should have been included; and what some of those terms mean in the commercial insurance brokerage industry.[15] Finally, Plaintiffs argue that Manes should be permitted to testify as to the differences between blanket and scheduled policies and policy proposals.[16] Plaintiffs contend that these issues are not within the common knowledge of most lay jurors.[17] In opposition, Defendants argue that Manes' proposed testimony include opinions on the standard of care, whether a duty has been breached, and the interpretation of an insurance contract.[18]

The Court finds that Manes' testimony with respect to the above matters will be helpful to aid in the jury's understanding of the issues in this case. Accordingly, Manes will be permitted to

---

[13] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F.Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 BR 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented). *See also FDIC v. Cage*, 810 F.Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[14] Rec. Doc. 285-2 at p. 2.

[15] *Id.*

[16] *Id.* at p. 5.

[17] *Id.*

[18] Rec. Doc. 286 at p. 6.

testify as to the general differences between blanket and scheduled policies and policy proposals; industry standards regarding whether "boil[ing] down a seven page insurance quotation into a one page summary proposal" is an acceptable practice in the insurance industry; what terms, exclusions, and limitations of the quotation are normally included in a proposal according to industry standards; and what some of those terms mean in the commercial insurance brokerage industry.[19] Additionally, Manes may testify as to the differences between the Lexington policy quotation and the written proposal that was presented to Plaintiffs because whether the proposal meets industry standards is relevant and will aid the factfinder in its determination of this case.

However, consistent with the Court's November 7, 2014 Order,[20] Manes may not opine that the parties had a "special relationship," that Defendants owed or breached a fiduciary duty to Plaintiffs, or that any ambiguity in the insurance contract should be interpreted in favor of the insured.[21] Additionally, Manes may not testify that the proposal was "properly presented," as this

---

[19] *Id.*

[20] Rec. Doc. 281.

[21] *Id.* at p. 20.

proposed assertion is ambiguous and appears to constitute testimony on the appropriate standard of care.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion for Reconsideration, Amendment and/or Alteration In Part of the Court's Order of 11/07/2014 (Rec. Doc. 281) Excluding Entirely the Testimony of Plaintiffs' Insurance Expert, Michael Manes And Incorporated Motion for Expedited Hearing"[22] is **GRANTED.**

**NEW ORLEANS, LOUISIANA**, this  13th   day of November, 2014.

*[signature]*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[22] Rec. Doc. 285.